

RECEIVED
MAR 20 2024
U.S.C.A. 3rd. CIR

| | |
|---|---|
| PENNSYLVANIA PROFESSIONAL LIABILITY JOINT UNDERWRITING ASSOCIATION, <br><br> Appellant <br><br> v. <br><br> GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA, THE GENERAL ASSEMBLY OF THE COMMONWEALTH OF PENNSYLVANIA, <br><br> Appellees <br><br> PENNSYLVANIA PROFESSIONAL LIABILITY JOINT UNDERWRITING ASSOCIATION, <br><br> Appellant <br><br> v. <br><br> GOVERNOR OF PENNSYLVANIA; THE GENERAL ASSEMBLY OF THE COMMONWEALTH OF PENNSYLVANIA; PRESIDENT PRO TEMPORE PENNSYLVANIA SENATE; MINORITY LEADER PENNSYLVANIA SENATE; SPEAKER PENNSYLVANIA HOUSE OF REPRESENTATIVES; MINORITY LEADER PENNSYLVANIA HOUSE OF REPRESENTATIVES; INSURANCE COMMISSIONER OF PENNSYLVANIA, <br><br> Appellees | No. 7 EAP 2023 <br><br> Petition for Certification of Question of Law from the United States Court of Appeals for the Third Circuit at Nos. 18-2297 and 18-2323; Nos. 19-1057 and 19-1058; and Nos. 21-1099, 21-1112 and 19-1155 <br><br> ARGUED: November 29, 2023 |

| PENNSYLVANIA PROFESSIONAL | : |
| LIABILITY JOINT UNDERWRITING | : |
| ASSOCIATION, | : |
| | : |
| Appellant | : |
| | : |
| v. | : |
| | : |
| GOVERNOR OF PENNSYLVANIA; | : |
| GENERAL ASSEMBLY OF THE | : |
| COMMONWEALTH OF PENNSYLVANIA, | : |
| | : |
| Appellees | : |

## ORDER

**PER CURIAM**　　　　　　　　　　　　　　**DECIDED: February 21, 2024**

This Court granted the Petition for Certification of Question of State Law filed by the United States Court of Appeals for the Third Circuit (Third Circuit) to address the following issue, as stated by the Third Circuit: "Under Pennsylvania law, is the Commonwealth's Joint Underwriting Association [(JUA)] a public or private entity?" *See Pa. Pro. Liab. Joint Underwriting Ass'n v. Governor*, 293 A.3d 1219 (Pa. 2023) (per curiam). Upon review of the parties' briefs, after considering the parties' oral arguments, and after reviewing existing Pennsylvania law, we have determined that we improvidently granted this certification request.

As pointed out by the Third Circuit in its certification petition, the question currently before the Third Circuit "is one *of federal law*: whether the plaintiff, [JUA], is an entity that can assert federal constitutional rights against the Commonwealth." (Certification Petition at 4 (emphasis added).) The question, which the Third Circuit certified to us and which we accepted, however, is devoid of context and presents this Court with a generally stated binary choice—*i.e.*, the JUA is either "public" or it is "private." Without question, this Court

has, from time to time, considered whether certain entities should be treated as governmental, or quasi-governmental. For example, in *Pennsylvania State University v. Derry Township School District*, 731 A.2d 1272 (Pa. 1999), we addressed whether the Pennsylvania State University should be exempt from local property taxes as a public entity. Additionally, in *Sphere Drake Insurance Company v. Philadelphia Gas Works*, 782 A.2d 510 (Pa. 2001), we addressed whether Philadelphia Gas Works should be entitled to governmental immunity as a local agency. These, however, were context-driven decisions.

A determination of whether a particular entity is "public" or "private," generally speaking, is not a concept moored in our current state law jurisprudence. Context matters. In the federal litigation from which this matter originates, the context, as the Third Circuit noted, "is one of federal law." Whether the JUA is a "private" entity that can assert federal constitutional rights against the Commonwealth is a matter of federal constitutional jurisprudence, not Pennsylvania law. *See, e.g., Goldman v. Se. Pa. Transp. Auth.*, 57 A.3d 1154, 1169-85 (Pa. 2012) (applying federal jurisprudence to determine whether entity was "arm of the Commonwealth" for purposes of Eleventh Amendment immunity); *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. ___, 139 S. Ct. 1921, 1928-34 (2019) (applying state-action doctrine to determine that private entity operating public access channels on cable system was not state actor subject to Free Speech Clause of Fourteenth Amendment); *Edison v. Douberly*, 604 F.3d 1307, 1308-10 (11th Cir. 2010) (concluding that private prison management corporation operating state prison was not public entity subject to liability under Americans With Disabilities Act simply because it contracted with public entity to provide service); *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315-17 (11th Cir. 2000) (applying nexus/joint action test to determine whether interdependence between private and public/state entities constituted sufficient

state involvement to sustain cause of action under 42 U.S.C. § 1983); *see also Perkins v. Londonderry Basketball Club*, 196 F.3d 13, 18 (1st Cir. 1999) ("[T]he public/private dichotomy remains embedded in our constitutional jurisprudence. This dichotomy distinguishes between state action, which must conform to the prescriptions of the Fourteenth Amendment, and private conduct, which generally enjoys immunity from Fourteenth Amendment strictures." (internal citations omitted)).

In light of the foregoing, although Pennsylvania law may prove helpful and informative, the question currently before the Third Circuit is principally one of federal law. Given this context, we respectfully decline to answer the general question posed to us by the Third Circuit. *See* Pa.R.A.P. 3341(c) ("The Supreme Court may accept certification of a question of Pennsylvania law . . . .").

**AND NOW**, this 21st day of February, 2024, the matter is DISMISSED as having been improvidently granted and returned to the Third Circuit.

Justice Wecht did not participate in the consideration or decision of this matter.

Judgment Entered 02/21/2024

DEPUTY PROTHONOTARY

[J-67-2023] - 4